IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MAYO (20181127027), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cv-5014 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| | ) | |
| CCDOC MEDICAL STAFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This is one of four cases that Plaintiff has filed within the past year. The Court has consolidated three of those cases (Case Nos. 21-cv-4653, 21-cv-4656, and 21-cv-4880) under the lowest case number and has recruited counsel to assist Plaintiff. A third amended complaint has been filed in that consolidated action, responsive pleadings soon are due, and the Court has given the parties leave to commence written discovery. At the time that the Court recruited counsel, it concluded—with the input of counsel—that the instant case is sufficiently distinct from the other three to keep it on a separate track.

Review of the operative complaint and the initial joint status report in the consolidated action referenced above shows some overlap (*e.g.*, in regard to the Jail's COVID-19 policies), yet it still seems clear that the allegations of the instant case focus more narrowly on alleged shortcomings in Defendants' response to the virus itself, and not to the failure of Jail officials to protect Plaintiff from the April 2020 "riot" at the Jail and the injuries that he claims to have sustained as a result, which is the central focus of the other cases. Accordingly, the Court will allow this case to go forward without requiring any further showing at this time that the claims are not subsumed within the relief sought in the consolidated case.

The docket reflects that Plaintiff paid the filing fee [5] associated with this action and may proceed upon his complaint [6] in accordance with this order. The Court directs the Clerk to: (1) terminate CCDOC Medical Staff and Cermak Health Services as party Defendants in this action; (2) issue summons for service of the complaint [6] on Defendant Tom Dart; and (3) send Plaintiff a blank USM-285 service form, a blank application for leave to proceed *in forma pauperis*, and a copy of this order. In addition, the United States Marshals Service is directed to send Plaintiff the request for payment of the deposit to effectuate service (service costs generally range between $65.00 and $250.00 per location).

Because Plaintiff has not requested leave to proceed *in forma pauperis* to date, and thus has not demonstrated that he cannot pay the required deposit to the U.S. Marshal for service of the summons and complaint, he is not necessarily entitled to service at government expense. Fed. R. Civ. P. 4(c)(3). If Plaintiff believes that his current financial circumstances will demonstrate a lack of funds to pay for service, he may file a motion for permission to proceed *in forma pauperis* on the form that the Clerk will provide, which the Court will promptly consider if it is filed. If

Plaintiff does not file an application to proceed *in forma pauperis*, or if his application is denied on the basis of a lack of indigence, he still may wish to arrange for the United States Marshals Service to effectuate service of the summons and complaint. Alternatively, he may serve Defendant himself or retain a private process server to serve Defendant. If Plaintiff elects to employ the services of the Marshal, he must pay the required deposit; the Marshal will not take further action until the deposit has been paid and Plaintiff returns a completed USM-285 form for Defendant Dart.

Failure to effectuate service by the deadline set forth by Fed. R. Civ. P. 4(m) may result in dismissal of this case. Plaintiff also must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Clerk is directed to send a copy of this order to Plaintiff and the U.S. Marshal.

In regard to Plaintiff's motion for attorney representation [7], the Court notes that some of the letters attached to the motion indicate at least some level of interest from at least one set of attorneys (the Morrissey firm) and a suggestion from another group (the ACLU of Illinois) to contact a lawyer at Northwestern Law School who has been involved in a lawsuit about the conditions at the Jail during the pandemic. There is no indication that Plaintiff has followed up on either of these leads. If Plaintiff still wishes to have the assistance of counsel for this case, he must at least act on those leads and report back to the Court in a renewed motion if he is unable to convince a lawyer to take this case. For the moment, the motion for attorney representation [7] is denied without prejudice.

Finally, this case is set for a telephonic status hearing to report on the progress of service of the summons and complaint on October 4, 2022 at 9:00 a.m. Participants should use the Court's toll-free, call-in number (877) 336-1829, passcode is 6963747.

### STATEMENT

Plaintiff Michael Mayo, a Cook County Jail detainee, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in connection with the jail's response to the Covid-19 pandemic. Plaintiff paid the filing fee (Dkt. 5) associated with this action. His complaint (Dkt. 6) is before the Court for initial review.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See *Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff's complaint, which attaches a number of grievances, focuses on the jail's response to the Covid-19 pandemic. The pleading names as Defendants "CCDOC Medical Staff," "Cermak Health Services," and Cook County Sheriff Tom Dart, and alleges as follows.

In March 2020, Plaintiff "became aware of the Covid-19 virus spreading throughout the jail." (Dkt. 6 at pg. 4.) At this time, "CCDOC decided to stop passing out soap." (*Id.*) Plaintiff filed a grievance about this issue. (*Id.*) At this time, "all services" were also stopped, and "guards offer[ed] no protection." (*Id.*) On March 30, 2020, Plaintiff filed a grievance complaining about a lack of masks, gloves and hand sanitizer. (*Id.*) The complaint indicates that Plaintiff filed a grievance about a lack of social distancing on 3G (which was a dorm housing 39 men). (*Id.*)

On April 17, 2020, Plaintiff tested positive for Covid-19. (*Id.*) On April 24, 2020, Plaintiff filed a grievance complaining that the Cook County Sheriff and "Cermak Health" did not take appropriate measures to protect him. (*Id.*) Plaintiff claims that in May 2020, "CCDOC was in violation of federal judge[']s injunction on Covid-19." (*Id.*) Plaintiff filed a grievance about this issue. (*Id.*) Plaintiff claims after his deck (division 8/36) was quarantined, "CCDOC continued to add newly infected inmates." (*Id.*) Plaintiff filed a grievance about this issue. (*Id.*)

Plaintiff claims that "CCDOC" used Covid-19 "as a reason to leave violence on 3G unchecked." (*Id.* at pg. 5.) He claims that his safety was in danger "on [a] daily basis." (*Id.*) Plaintiff filed a grievance about this issue in May 2020. (*Id.*)

Plaintiff filed another grievance in September 2020, complaining about "the continued neglected behavior as it relates to Covid-19." (*Id.*) Plaintiff claims that "as a result of testing positive for the Covid-19 virus[,] [he] experience[s] continued shortness of breath and [he] [has] not regained taste." (*Id.*)

Plaintiff states that he seeks compensatory, punitive, and nominal damages. (*Id.* at pg. 6.)

Because Plaintiff is a pretrial detainee, his constitutional rights derive "from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Thus, whether plaintiff's conditions of confinement violated the Constitution turns on the objective reasonableness of Defendants' actions. *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). The first step of the inquiry is whether "the defendants acted 'purposefully, knowingly, or perhaps even recklessly'"; their actions must "rise above negligence and resemble 'something akin to reckless disregard.'" *Ferguson v. Cook Cty. Corr. Facility/Cermak*, No. 20-1185, 2020 WL 6689963, at *2 (7th Cir. Nov. 13, 2020) (quoting *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)); *McCann v. Ogle Cty.*, *Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). The next step is whether

the challenged conduct was objectively reasonable. *McCann*, 909 F.3d at 886. To state a claim, plaintiff need not establish the claim but must plausibly allege it. *Ferguson*, 2020 WL 6689963, at *2.

Here, Plaintiff's allegations plausibly suggest that Defendant Sheriff Dart was aware of the dangers posed by the coronavirus but failed to take reasonable steps to stem the spread of coronavirus within the jail. Plaintiff additionally alleges that these failures caused him to contract the coronavirus and suffer harm. These allegations are sufficient at this stage of the proceedings to state a Fourteenth Amendment claim against Sheriff Dart in his individual capacity.

The Court observes that further factual development may ultimately belie Plaintiff's claim, and that Plaintiff will eventually need to *prove* his allegations against the named Defendant. For now though, Plaintiff may proceed against Defendant Dart, and he must respond to the complaint.

All other claims and Defendants are dismissed.

Plaintiff may not proceed against the remaining Defendants named in this action ("CCDOC Medical Staff" and "Cermak Health Services"). The former -- "CCDOC Medical Staff -- which refers to a group, rather than any particular individual, is not an appropriate Defendant in this action. See *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (§ 1983 creates cause of action based on personal liability and predicated on fault). And, the latter—"Cermak Health Services"—is not a suable entity. See, e.g*., Miller v. Dart*, No. 2015 WL 6407458, at *2 (N.D. Ill. Oct. 21, 2015) (granting motion to dismiss the Cook County Department of Corrections and Cermak Health Services as Defendants) (citing *Service Employees Int'l Union, Local 73 v. Cook County*, 2014 WL 793114, at *4 (N.D. Ill. Feb 26, 2014) (Cermak Health Services is not a suable entity)); see also *Johnson v. Cty. Dentist*, 2018 WL 8804146, at *2 (N.D. Ill. Apr. 26, 2018) (neither the Cook County Jail nor the Cook County Department of Corrections—"[n]or any subdivision of either"—are suable entities); *Presley v. Cook Cty. Jail*, 2018 WL 1900490, at *3 (N.D. Ill. Apr. 19, 2018) (same).

To the extent, if any, that Plaintiff is attempting to raise a failure to protect claim based on his allegations about a lack of safety at the jail at some particular time(s) during the pandemic, his sparse statements are too vague to adequately state such a claim. See *Twombly*, 550 U.S. at 555 (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and also must be enough to "give the defendant fair notice of what the claim is and the grounds upon which it rests."); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (a complaint's allegations must "adequately connect specific defendants to illegal acts").

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant Dart. The Court directs the Clerk to mail Plaintiff one blank USM-285 service form. Because Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, he is not necessarily entitled to service at government expense, Fed. R. Civ. P. 4(c)(3), and he has not demonstrated that he is unable to pay the Marshal's deposit. If Plaintiff believes that his current financial circumstances will demonstrate a lack of funds to pay for service, he may file a motion for permission to proceed *in forma pauperis*, which the Court will promptly consider if it is filed. The Clerk is directed to send a blank copy of that form to Plaintiff. In the event that Plaintiff does not file an application to proceed *in forma pauperis*, or if his application is denied on the basis of

a lack of indigence, he may wish to arrange for the United States Marshals Service to effectuate service of the summons and complaint. To that end, the Marshal is directed to send Plaintiff a request for payment of the deposit to effectuate service. Service costs generally range between $65.00 and $250.00 per location, and generally a $65.00 deposit is required. If Plaintiff elects to employ the services of the Marshal, he must pay the required deposit; the Marshal will not take further action until the deposit has been paid.

Should Plaintiff engage the services of the Marshal, the Court directs the Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of the Cook County Jail who can no longer be found at the work address provided by Plaintiff, prison officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Dated: August 10, 2022

_____
Robert M. Dow, Jr.
United States District Judge