UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MAYO, | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-05014 |
| | ) | |
| v. | ) | Hon. John J. Tharp, Jr. |
| | ) | |
| TOM DART, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COMES Defendant, TOM DART, in his individual capacity, by and through his attorneys, Jason E. DeVore and Troy S. Radunsky of the law firm DeVore Radunsky LLC, and for their Answer to Plaintiff's Second Amended Complaint,[i] states as follows:

**First Claim**

1. On March 13, 2020, Plaintiff became aware of the COVID-19 virus spreading throughout the jail.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 1.**

2. At the same time CCDOC decided to stop passing out soap.

**ANSWER: Defendant denies the allegations in paragraph 2.**

3. Grievance filed Mar. 13, 2020 (Exhibit A).

**ANSWER: Defendant admits the plaintiff filed a grievance on March 13, 2020, Exhibit A. Defendants deny the allegations in Exhibit A.**

4. During this time all services were stopped (law librarian, sheet exchange, sick call, dentist, laundry, showers backed up, grievances are not given out).

**ANSWER: Defendant denies the allegations in paragraph 4.**

1

5. In addition, guards sit outside deck offering no protection.

**ANSWER: Defendant denies the allegations in paragraph 5.**

6. On March 30, 2020, Plaintiff filed grievances for no mask, gloves, or hand sanitizer.

**ANSWER: Defendant admits the allegations in paragraph 6.**

7. There is no social distance on 3G, which is a dorm with 39 men. (Exhibit B).

**ANSWER: Defendant denies the allegations in paragraph 7.**

8. On April 17, 2020, Plaintiff tested positive for COVID-19 virus.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of this allegations and can neither admit or deny the allegations in paragraph 8.**

9. On April 24, 2020, Plaintiff filed grievance stating Cook County Sheriffs and Cermak Health did not take appropriate measures to protect me from the virus. (Exhibit C).

**ANSWER: Defendant admits plaintiff filed the grievance in Exhibit C. Defendants deny the allegations in Exhibit C.**

10. On May 2, 2020, CCDOC was in violation of federal judge's injunction on COVID-19.

**ANSWER: Defendant denies the allegation in paragraph 10.**

11. Plaintiff filed grievance on May 2, 2020. (Exhibit D).

**ANSWER: Defendant admits the allegations in paragraph not including the referenced, attached exhibit. Defendants deny the allegations in Exhibit D.**

12. After Plaintiff's deck (Div. 8/36) was quarantined, CCDOC continued to add newly infected inmates.

**ANSWER: Defendant denies the allegation in paragraph 12.**

13. Plaintiff filed grievance. (Exhibit E).

**ANSWER: Defendant admits the plaintiff filed the grievance identified as Exhibit E. Defendants deny the allegations in Exhibit E.**

14. CCDOC used COVID-19 as a reason to leave violence on 3G unchecked.

**ANSWER: Defendant denies the allegations in paragraph 14.**

15. Plaintiff's safety was in danger on a daily basis.

**ANSWER: Defendant denies the allegations in paragraph 15.**

16. Plaintiff filed grievance on May 3, 2020. (Exhibit F).

**ANSWER: Defendant admits plaintiff filed the grievance in Exhibit F. Defendants deny the allegations in Exhibit F.**

17. On September 7, 2020, Plaintiff filed grievance for the continued neglectful behavior as it relates to COVID-19. (Exhibit G).

**ANSWER: Defendant admits plaintiff filed the grievance in Exhibit G. Defendants deny the allegations in Exhibit G.**

18. Tom Dart created or was aware of a policy he endorsed which allowed inmates from other divisions with a violent or disruptive demeanor to be housed with inmates that did not have this history.

**ANSWER: Defendant denies the allegations in paragraph 18.**

19. This policy was created due to the COVID-19 virus.

**ANSWER: Defendant denies the allegations in paragraph 19.**

20. Had it not been for this policy, these violent disruptive inmates would never have been houses in a dorm setting.

**ANSWER: Defendant denies the allegations in paragraph 20.**

21. This policy also prevented moving these violent and disruptive inmates without the approval of a director.

**ANSWER: Defendant denies the allegations in paragraph 21.**

22. For this reason, many of these inmates remained in a dorm setting regardless of their behavior.

**ANSWER: Defendant denies the allegations in paragraph 22.**

## Second Claim

23. On December 30, 2021, nearly two years later with multiple variations of the COVID-19 virus running rampant, CCDOC (Tom Dart) continues to put my life in danger.

**ANSWER: Defendant denies the allegations in paragraph 23.**

24. During the later part of December 2021, an inmate by the name of Donald Hayward (Inmate #R47947) was placed on my deck of 3F.

**ANSWER: Defendant has insufficient information to admit or deny the allegations in paragraph 24.**

25. Donald was presumed cleared of the COVID-19 virus (after testing positive) when placed on 3F.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 25.**

26. During Donald's short stay on 3F he complained to medical and security staff of not feeling well.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 26.**

27. Not until a week after Donald's complaints was he removed from the deck and tested for the COVID-19 virus. (December 30, 2021).

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 27.**

28. The following day, Donald was replaced by Marice Fullson, who came directly off the street.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 28.**

29. Mr. Fullson was not tested for COVID-19 nor was he placed in quarantine, which is protocol for someone coming right off the street.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 29.**

30. On the morning of Dec. 31, 2021, our tier of 3F was informed that Donald Haywood had tested positive for the COVID-19 virus and our deck was now on quarantine.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 30.**

31. It is clear from these two situations CCDOC nor Tom Dart have learned from their mistakes.

**ANSWER: Defendant denies the allegations in paragraph 31.**

32. On Feb. 9, 2022, inmate Earl Wilson was removed from our desk because of exposure to COVID-19.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 32.**

33. This is now the 2nd time we have been placed under quarantine in less than a month.

**ANSWER Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 33.**

34. The jail claims they are taking steps to protect us, but they are not working.

**ANSWER: Defendant denies the allegations in paragraph 34.**

35. We have been asking for hand sanitizer for over a week with no results.

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 35.**

36. The mask that are provided are the cheapest on the market.

**ANSWER: Defendant denies the allegations in paragraph 36.**

37. Worldwide it has been advised that the KN95 mask be used to protect from the COVID-19 virus. (Exhibit H).

**ANSWER: Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 37.**

38. With an organization of this size, Tom Dart should have developed protocols that really reduce the spread of the virus.

**ANSWER: Defendant admits the allegations in paragraph 38.**

39. For the next several months the virus jumped from one person to another on our deck, causing us to be on what seemed to be an endless period of quarantine and loss of court dates.

**ANSWER Defendant has insufficient information to form a belief regarding the truth or falsity of these allegations and can neither admit or deny the allegations in paragraph 39.**

*Relief Sought: I am seeking compensatory, punitive, and nominal damages. Also any awards the court finds proper and just.*

WHEREFORE, Defendant SHERIFF THOMAS J. DART, in his individual and/or official capacity, respectfully requests that this court dismiss the Plaintiff's Second Amended Complaint and/or grant judgment in his favor, including all costs of suit herein incurred, reasonable attorneys' fees, and any further relief this Court deems just.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials in their Answer, Defendants plead the following affirmative defenses to Plaintiff's Second Amended Complaint:

## QUALIFIED IMMUNITY

1. Defendant's conduct was objectively reasonable at all times and did not violate any of Plaintiff's clearly established constitutional rights.

2. Defendant, in his individual and official capacity, is entitled to the defense of qualified immunity.

## SECTION 2-201 TORT IMMUNITY ACT

3. Public employees, like Sheriff Dart, serving in policymaking positions are immune from liability for injuries resulting from the creation or omission of discretionary policies under the Illinois Tort Immunity Act. 745 ILCS 10/2-201.

4. All of Plaintiff's allegations about Sheriff Dart's alleged procedures involve discretionary policies about jail administration and should be barred because they cannot serve as a basis for liability under the Act.

## IMMUNITY FROM PUNITIVE DAMAGES

5. To the extent that Plaintiff seeks punitive damages from Sheriff Dart, in his official capacity, Sheriff Dart asserts that he is entitled to immunity from same.

6. First, an official capacity suit is tantamount to a claim against the government

entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

7. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

8. Thus, in his official capacity, Sheriff Dart is immune from punitive damages.

                        Respectfully submitted,

                        */s/ Jason E. DeVore*
                        One of the Attorneys for Defendants

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the above **Defendant's Answer & Affirmative Defenses to Plaintiff's Second Amended Complaint** was filed on February 27, 2023, with the Northern District of Illinois ECF System, serving a copy on all parties.

/s/Zachary Stillman
Zachary Stillman, One of the attorneys for Defendant

**Plaintiff:**

Michael Mayo
Cook County Jail
20181127027
2700 S California
Chicago, IL 60608
ilnd_PC7@ilnd.uscourts.gov

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone

---

[i] The plaintiff's Second Amended Complaint was handwritten. The defendants typed his allegations into separate paragraphs so that the court has a clear Answer and Affirmative Defenses.