SM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL C. MAYO,

                       Case No: 1:21-cv-05014

       Plaintiff,

   V.                  Hon. M. David Weisman

THOMAS DART         **FILED**

                       APR 11 2023 SH

    Defendant.       THOMAS G. BRUTON
                       CLERK, U.S. DISTRICT COURT

## PLAINTIFF MICHAEL C. MAYO'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

1. ANSWER: Plaintiff objects to the phrase "each and every document related to any of the allegations" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce documents that are in his possession, custody, or control, and/or that he referred to or relied upon in the Complaint or when answering the interrogatories propounded by the Defendant.

2. ANSWER: Plaintiff objects to the phrase "each and every witness statement related to any of the allegations" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevent information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Plaintiff will produce witness statements, if any, related to allegations in the Complaint that are in his possession, custody, or control.

3. ANSWER: Plaintiff objects to the phrase "any and all photographs, slides, video, or motion pictures related to any of the allegations" as vague and ambiguous. Plaintiff objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relativ access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it request documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he is not currently aware of any documents responsive to this request and in his possession, custody, or control. Plaintiff reserves the right to supplement his response.

(3)

4. <u>ANSWER</u>: Plaintiff objects to the phrase "all diaries, calendars, log notes, or other records related to any of the allegations" as vague and ambiguous. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Plaintiff further objects to this request as cumulative of Defendants' other Request For Productions, including, but not limited to, RFP Nos. 1, 2, and 3. The objections and responses to those RFPs are incorporated herein.

Subject to and without waiving the foregoing general and specific objections, Plaintiff states that he is not currently aware of any "diaries, calendars, or log notes" responsive to this request and in his possession, custody, or control. Plaintiff refers Defendant to his production in response to RFP 1 for any "records" related to the allegations in the Complaint. Plaintiff reserves the right to supplement his request.

(4)

5. **ANSWER:** Plaintiff objects to the phrase "all photos or other tangible items/materials relating in any way" as vague and ambiguous. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Plaintiff further objects to this request as premature to the extent it asks plaintiff to disclose his exhibit list for trial. Plaintiff will disclose his exhibit list on the date the Court will set in compliance with the Federal Rules of Civil Procedure and the United States District Court for the Northern District of Illinois' Local Rules. Plaintiff believes that the vast majority of "photos or other tangible items" that he will rely upon are in Defendents' possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, Plaintiff is not currently aware of any items responsive to this request and in his possession, custody, or control. Plaintiff reserves the right to supplement his disclosure.

6. ANSWER: Plaintiff objects to the phrase "all documents, photos or other tangible items/materials relating in any way" as vague and ambiguous. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it request documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Plaintiff further objects to this request as premature to the extent it ask plaintiff to disclose his expert witnesses or their reliance materials. Plaintiff will make his expert witness disclosures on the date the Court will set in compliance with the Federal Rules of Civil Procedure and the United States District Court for the Northern District of Illinois' Local Rules.

(6)

Plaintiff believes that the vast majority of "photos or other tangible items" that he will rely upon are in Defendants' possession, custody, or control.

7. ANSWER: Plaintiff objects to the phrase "all documents, photos or other tangible items/materials relating in any way" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects this request as it calls for the production of documents not in his possession, custody, or control.

8. ANSWER: Plaintiff objects to the phrase "all documents and exhibits of any kind" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Plaintiff will identify and/or produce trial exhibits in accordance with the date and procedures the Court will set in compliance with the Federal Rules of Civil Procedure and the United States District Court for the Northern District of Illinois' Local Rules.

9. ANSWER: Plaintiff objects to the phrase "all documents regarding any other lawsuits" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the attorney-client privilege or work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

    Subject to and without waiving the foregoing general and specific objections, plaintiff states that he was deposed in a contractual dispute against a financial advisor to his great aunt, in his capacity as the executor of her estate. Plaintiff will produce a deposition transcript if it can be located after a reasonable search and only if it is responsive to a reasonable construction of this vague, overly broad, and unduly burdensome request.

(9)

10. ANSWER: Plaintiff objects to the phrase "all medical records and bills regarding any prior or current treatment" as vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to this request as it seeks documents that are not relevant and/or not proportional to the needs of this case, considering the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the request to the extent it requests documents protected by the work product doctrine. Plaintiff further objects to this request as it calls for the production of documents not in his possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, plaintiff will produce documents that are responsive to this request and are in his possession, custody, or control.

11. ANSWER: Plaintiff objects to this request on the grounds that it exceeds the requirements of the Federal Rules of Civil Procedure.

July 1, 2020

## COVID-19

March 2-13, 2020 7:30AM Very sick bad body aches, body sweats and no appetite for food.

March 13, 2020 7:30 AM Cook County Jail stops giving out soap bars. COVID-19 spreads on 3G division 8. Filed grievance for soap. All services stop. (Law librarian, sheet exchange, sick call, dentist, laundry, showers backed up, grievances are hard to get)

March 21, 2020 7:30AM Guards sit outside dorm. No protection

March 30, 2020 7:30 AM Filed grievance for no mask, gloves or hand sanitizer. There is no social distance on 3G which is a dorm with 39 men.

April 7, 2020 2:40 pm Lieutenant Delitz announces to 3G that we can not wash or lay out our cloths to dry. There is no laundry sevice. Filed grievance only have copy of appeal dated 4-17-2020

April 8, 2020 4:10 pm Sergeant Luppino announces to 3G that COVID-19 is "just a cold why is everybody making a big deal of it."

April 17, 2020 11:00AM 39 men on 3G tested for COVID-19. 34 men tested positive for COVID-19

April 24, 2020 7:30AM Filed grievance on COVID-19 Cook County Sheriffs did not take appropriate measures to protect me from the virus.

①

April 22, 2020 6:00 - 9:00pm Inmate was attacked by mob of inmates in the bathroom on 3G. Inmate stumbled to the front door bleeding and with multiple contusions. During the attack inmate never got help from CCDOC staff. (COVID-19)

April 29, 2020 6:00 - 10:00AM I was maced by an inmate and witnessed savage attacks to fellow inmates while sheriffs stood outside behind security glass and watched for over an hour. (COVID-19)

May 2, 2020 6:00 - 9:00PM I witnessed a brutal fight between two inmates. Even after several minutes of them beating each other to a bloody pulp no sheriffs entered the deck. The only assistance that was given was one sheriff yelling "stop fighting" to the inmates. I request psych evaluation. (COVID-19)

May, 2, 2020 12:01 AM CCDOC is in violation federal judges injunction. Filed grievance.

May 2, 2020 7:30 AM During our two weeks of quarantine newly infected inmates were add to 3G. Filed grievance.

May 2, 2020 10:00 - 1:00pm Forced to sort commissary on hallway floor during the spread of COVID-19 Filed grievance

May 4, 2020 _____ Filed grievance for unchecked violence on 3G. Request psych evaluation

May 23, 2020 10:00-1:00pm Filed grievance. Forced to sort commissary on the bottoms of dirty storage bins during the spread of COVID-19

June 14, 2020 7:30AM Filed grievance. Despite my request for a CPAP machine since Nov 27, 2018 no one has provided me with access to one. Now Cermak Health says they can't because of COVID-19.

NO * July 2, 2020   3:30 PM Recieved a copy of the ticket sergeant Lombardi wrote against me on May 21, 2020. I have been asking for a copy of the ticket since May 29, 2020. Lombardi made ~~several~~ several statements that are not true.
- When did I make a false statement or report?
- Did not act in a disorderly way
- He makes no mention of coming back to 3G and destroying my living area and taking commissary from my property bag.
- I never said "This is my wheel chair and you all ain't getting it" I told Lombardi my back was in pain from a fall on April 29, 2020.

②

July 1, 2020

## Excessive Force

April 29, 2020 7:30AM - Forced to walk down stairs cuffed and with cane. Fell on stairs. Filed grievance on April 30, 2020. (Given wheelchair)

May 1, 2020 7:30 AM put in medical slip for back pain.

May 5, 2020 7:30 AM ask nurse for doctor appointment

May 13, 2020 7:30AM put in medical slip for back pain

May 15, 2020 8:00-10:00AM told medical staff back hurts

May 20, 2020 7:30AM Filed grievance for back pain

May 21, 2020 1:30pm Wheelchair taken forcefully by sergeant Lombardi. I was slammed on my head, now have headaches, blurred vision, dizziness, more severe back pain and numbness in left hand. Finally spoke to Dr. Hayman, made appointment for cermak. Sergeant Lombardi wrote me a ticket.

May 22, 2020 8:00AM attempted to walk to Cermak. I could not make it up ramp. Was transported by wheelchair. Put in medical slip for additional pain caused by sergeant Lombardi.

May 23, 2020 7:30AM Filed grievance for medical to install stools under phones. Difficult to stand while making calls.

May 25-26, 2020 7:30AM put in medical slip for additional pain.

①

May 27, 2020  8:00 AM   Appointment for CT scan at
Cermak. First attempt to walk to Cermak was not
successful, had to be transported by wheelchair.
Put in slip for additional pain.

May 30, 2020 1:30-2:00 pm  Fall in bathroom division 8/36.
Taken to Cermak by wheelchair given injection of Toradol
(pain medicine)

June 1, 2020  7:30 AM _____ put in medical slip

June 8, 2020  Fax _____ Letter sent to commander
for division 8 by my criminal attorney Dean Morask,
asking for me to be seen by a doctor for my headaches,
dizziness and blurred vision.

June 10, 2020  8:00 AM  Seen by medical doctor after
fax from lawyer. Made appointment for ex-ray.

June 10, 2020  8:00 AM  doctor puts in order for
wheelchair on dates for doctors appointment. Dotor confirms
appointment for June 13, 2020 for x-ray at Cermak.

June 15, 2020 7:45-9:00 AM  Appointment for Cermak
was changed from June 13, 2020 to June 15, 2020. Wheelchair
access was not changed to follow the date of June 15, 2020.
I was forced to attempt to walk to Cermak. I fell on
the ramp to Cermak and was transported by medical
staff. On the way back I was cuffed in a wheel chair
and transported back to division 8. On the way back
as I was trying to hold my legs up I could not and they
buckled under the chair and I flipped out of the chair.

②

June 15, 2020  7:30AM    Filed grievance about headaches, blurred vision, dizziness and loss of feeling in left hand. Requested to see a neurologist.

June 19, 2020  1:00pm   seen by female doctor division 8 3rd floor. Explained to doctor what happened on June 15, 2020. She showed me in the computer where she put in for the wheelchair on June 13, 2020. She said sorry for what happened and she would now put in the computer everytime I leave the deck to be transported by wheelchair. She believed I had brain damage and added a medication called propranolol. She set an appointment to see a neurologist. I filed a grievance for the incident that happened on the 15th of June.

July 2, 2020 3:30pm Recieved copy of ticket sergeant Lombardi wrote against me on May 21, 2020. I have been asking for a copy since May 29, 2020. Lombardi made several false statements in the ticket.

- Lombardi makes no mention of my medical request before he attacked me. (My back was already in pain from the fall on April 29, 2020.)

- I never said "this is my wheelchair and you all ain't getting it" I only requested medical attention for my back.

- Lombardi never placed me on my butt on the floor. He slammed my head on the floor, put his full weight on my already hurt back cuffed me and then dragged me to the wall and shackled me leaving me no movement. He left me this way for over an hour. View cameras.

③

July 4, 2020 7:30AM I filed grievance for not getting a pink inmate copy of the grievance I filed on May 21, 2020

July 4, 2020 7:30 AM I filed grievance on the false statement made on ticket and the difficulty I had getting a hard copy of the ticket.

July 5, 2020 7:30 AM Put in medical slip to see a mental health doctor

July 6-7, 2020 7:30AM Put in medical slip to see a mental health doctor

July 8, 2020 10:00-12:00 Spoke with mental health for about 50 mins. They will follow up next week. Call 773-674-4470

June 23, 2020 Letter from Cook County Sheriff's Office Case #DR 2020-0165



**COOK COUNTY SHERIFF'S OFFICE** *(OFICINA DEL SHERIFF DEL CONDADO DE COOK)*

## INMATE DISCIPLINARY REPORT *(INFORME DISCIPLINARIO INTERNO)*

| INCIDENT REPORT NO. | CONTROL NUMBER | IR NUMBER | FBI NUMBER | SID NUMBER | INMATE ID NUMBER |
|---|---|---|---|---|---|
| DIV08-2020-6710 | N/A | 1171452 | 283571DB1 | IL37964450 | 794313 |

### INMATE INFORMATION

| Inmate's Name (Print) *(Nombre del recluso Imprimir)*: | Inmate's DOB *(Fecha de nacimiento)*: | Booking Number: | Division/Unit*(Division/unidad)*: | Inmate's Living Unit*(Unidad de vida)*: |
|---|---|---|---|---|
| Michael C Mayo | 12/20/1976 | 20181127027 | Division 8 RTU | In-Cell |

### INFRACTION INFORMATION

| ☐ VERBAL WARNING<br>☐ FORMAL CHARGE | Date of Infraction:<br>5/21/2020 | Time of Infraction:<br>2:04 PM | Location of Infraction (lugar de la infraccion):<br>DIVISION 08 RTU | Restitution Form Attached:<br>☐ YES   ☐ NO |
|---|---|---|---|---|

| NUMBER | CHARGE |
|---|---|
| 214 | Possession of Level 2 Contraband |
| 107 | False Reporting or False Statement |
| 219 | Disobeying or Resisting Orders |
| 105 | Disorderly Conduct |

### ■ DNA — VICTIM / WITNESS INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| ☐ Victim  ☐ Inmate<br>☐ Witness  ☐ Staff  ☑ Other: Participant | | ☐ ID #: _____<br>☐ Star #: _____ | | Michael C Mayo | |
| ☐ Victim  ☐ Inmate<br>☐ Witness  ☐ Staff  ☐ Other: _____ | | ☐ ID #: _____<br>☐ Star #: _____ | | B Lombardi | |
| ☐ Victim  ☐ Inmate<br>☑ Witness  ☐ Staff  ☐ Other: _____ | | ☐ ID #: _____<br>☐ Star #: _____ | | O Lopez | |
| ☐ Victim  ☐ Inmate<br>☑ Witness  ☐ Staff  ☐ Other: _____ | | ☐ ID #: _____<br>☐ Star #: _____ | | E Preston | |
| ☐ Victim  ☐ Inmate<br>☑ Witness  ☐ Staff  ☐ Other: _____ | | ☐ ID #: _____<br>☐ Star #: _____ | | J Dellis | |
| ☐ Victim  ☐ Inmate<br>☐ Witness  ☐ Staff  ☐ Other: _____ | | ☐ ID #: _____<br>☐ Star #: _____ | | M Kielian | |

### INFRACTION NARRATIVE *(Infraccion narrativa)*

*********Page 1 of 2***********

On 21MAY20 at 1350hrs R/S Lombardi *3316 was notified by tier 3G that Dr Haman ordered for inmate Mayo, Michael #2018-1127027 who is in possession of a wheelchair without a script to have the wheelchair confiscated. R/S looked inmate Mayo up in CCOMS to check medical alerts. Inmate Mayo has a script for a cane "Long Distance Only". R/S asked inmate Mayo to step off the tier and relinquish the un-scripted wheelchair. Inmate Mayo refused all orders and stated "This is my wheelchair and you all ain't getting it" (be advised inmate Mayo was using his legs in the wheelchair to forcefully push himself away). R/S then told inmate Mayo we will place him in the bullpen due to inmates unprovoked agitated state. Once in the bullpen we received confirmation again from Nurse James that Dr. Haman ordered the wheelchair to be confiscated. I informed inmate Mayo that he may no longer be in possession of an un-scripted wheelchair for safety and security issues. Inmate Mayo then refused all orders to sit in the chair provided for inmate Mayo till medical can talk with him. R/S with a firm grip held inmate Mayo's right arm due to inmate Mayo attempting to push back with legs and grab the wheel of the wheelchair with his right hand. R/S gave inmate direct orders to stop resisting by ordering inmate to stop attempting to kick back and grabbing for wheel. Inmate Mayo refused all orders and then attempted to pull arms into his chest area. R/S with the assistance of Ofc. Kielian *16123 lifted inmate Mayo off the wheelchair and placed inmate Mayo on his butt on the ground.

Material Confiscated/Evidence Bag Number *( Attach photocopy of evidence) Materials confiscados/pruebas bolsa numero (adjuntar fotocopia de pruebas)*:

### CLASSIFICATION UNIT



**COOK COUNTY SHERIFF'S OFFICE** *(OFICINA DEL SHERIFF DEL CONDADO DE COOK)*

**INMATE DISCIPLINARY REPORT** *(INFORME DISCIPLINARIO INTERNO)* (SERVE)



RTU 3G

| INCIDENT REPORT NO. | | IR NUMBER | PRN NUMBER | | INMATE ID NUMBER |
|---|---|---|---|---|---|
| DIV08-2021-1395 | N/A | 1171452 | 283571DB1 | IL37964450 | 794313 |

## INMATE INFORMATION

| Inmate's Name (Print) (Nombre del recluso Imprimir): | Inmate's DOB (Fecha de nacimiento): | Booking Number: | Division/Unit(Division/unidad): | Inmate's Living Unit(Unidad de vida): |
|---|---|---|---|---|
| Michael C Mayo | 12/20/1976 | 20181127027 | Division 8 RTU | In-Cell |

## INFRACTION INFORMATION

| ☐ VERBAL WARNING<br>☐ FORMAL CHARGE | Date of Infraction:<br>1/29/2021 | Time of Infraction:<br>5:44 PM | Location of Infraction (Lugar de la Infraccion):<br>DIVISION 08 RTU | Restitution Form Attached:<br>☐ YES ☐ NO |
|---|---|---|---|---|

| NUMBER | CHARGE |
|---|---|
| 211 | Misuse of Medication |
| 214 | Possession of Level 2 Contraband |

## VICTIM / WITNESS INFORMATION

■ DNA

| | | | | |
|---|---|---|---|---|
| ☐ Victim | ☐ Inmate | | ☐ ID #: | |
| ☐ Witness | ☐ Staff | ☑ Other: Participant | ☐ Star #: | Michael C Mayo |
| ☐ Victim | ☐ Inmate | | ☐ ID #: | |
| ☐ Witness | ☐ Staff | ☑ Other: Participant | ☐ Star #: | Timothy L Johnson |
| ☐ Victim | ☐ Inmate | | ☐ ID #: | |
| ☐ Witness | ☐ Staff | ☐ Other: | ☐ Star #: | B Lombardi |

## INFRACTION NARRATIVE (Infraccion narrativa)

On 29Jan21 at 1744hrs R/S Lombardi *3316 was conducting random sweeps of tiers on the 3rd floor for Hooch (jail made wine/alcohol). On tier 3G R/S recovered sitting on the desk of inmate Mayo, Michael #20181127027 (confirmed with mail and inmate statement) 7-4% Lidocaine pain patches. Lidocaine patches destroyed in dispensary. Lt. Guzik notified.

Material Confiscated/Evidence Bag Number ( *Attach photocopy of evidence)* Materials confiscados/pruebas bolsa numero (adjuntar fotocopia de pruebas):

## CLASSIFICATION UNIT

| Inter-Agency Health Inquiry Submitted:<br>☐ YES ☐ NO ☐ DNA | If YES, Date Submitted: | Assessment Completed: ☐ DNA<br>☐ YES ☐ NO If YES, where? ☐ Medical Health ☐ Mental Health | | Assessment Received:<br>☐ YES ☐ NO ☐ DNA |
|---|---|---|---|---|

| Approved For Pre-Hearing Segregation: | ☐ YES ☐ NO ☐ DNA | | Was Verbal Warning Issued: | ☐ YES ☐ NO ☐ DNA |
|---|---|---|---|---|
| Placed in Pre-Hearing Segregation:<br>If YES, Date/Time | ☐ YES ☐ NO ☐ DNA<br>Location: | | If Yes, Were Privileges Restricted<br>Type of Privilege and Duration of Restriction | ☐ YES ☐ NO ☐ DNA |

| Classification Unit Personnel (Print): | | Title: | Star # |
|---|---|---|---|
| | | | |

| Reporting Personnel's Name (Print):<br>Lombardi, B | Star #<br>3316 | Signature:<br>/s/ Lombardi, B, Star # 3316 | Date:<br>1/29/2021<br>7:35:36 PM |
|---|---|---|---|
| Reviewing Supervisor's Name (Print):<br>Lombardi, B | Star #<br>3316 | Signature:<br>/s/ Lombardi, B, Star # 3316 | Date:<br>1/29/2021<br>7:34:49 PM |
| Watch Commander (Print):<br>Guzik, S | Star #<br>725 | Signature:<br>/s/ Guzik, S, Star # 725 | Date:<br>1/29/2021<br>9:35:44 PM |

| Disciplinary Report Delivered to Inmate by (Print Name): (Informe disciplinario entregado al recluso por:) | | Star Number: (Numero de estrella) |
|---|---|---|
| Date Delivered: (Fecha de entrega:) | Time Delivered: (Tiempo de entrega:) | Signature of Serving Staff Member: (Firma del miembro del personal que sirve:) |

Sincerely,

Michael C. Mayo

Michael C. Mayo
20181127027
2700 S. California
Chicago, IL 60608

## CERTIICATE OF SERVICE

The undersigned states that on April 5, 2023, Plaintiffs Responses to Defendants Request for Production were served via United States Postal Service to the stated address below.

Michael C. Mayo

Troy S. Radunsky
Jason E. DeVore
DeVore Radunsky
230 W. Monroe Suite 230
Chicago, IL 60606

Hon. ████████ M. David Weisman
Office Of Clerk Of The U.S. District Court
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

(11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MICHAEL C. MAYO,                      )
                                      )
    Plaintiff,    )  Case No.: 1:21-cv-05014
                                      )
  v.                         )  Hon. M. David Weisman
                                      )
THOMAS DART                           )
                                      )
    Defendant.     )

## DEFENDANT'S REQUESTS FOR PRODUCTION
## TO PLAINTIFF MICHAEL MAYO

NOW COMES Defendant THOMAS DART, by and through his attorneys, Troy Radunsky and Jason DeVore, of DeVore Radunsky LLC, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and requests that Plaintiff, MICHAEL MAYO, produce for inspection and copying all of the following documents and other tangible things that are in his possession, custody or control. Production shall take place within thirty (30) days of this request at the offices of DeVore Radunsky 230 W. Monroe, Chicago, Illinois 60606. Plaintiff is subject to a duty to supplement all responses to this request for production in accordance with Federal Rule of Civil Procedure 26(e).

### DEFINITIONS AND INSTRUCTIONS

A.  You must answer each document request separately and completely, in writing, under oath, unless it is objected to, in which case the reason for the objection must be stated in lieu of the answer.

B.  Information to be disclosed includes that which is in your possession and/or in possession of your attorneys, investigators, agents, or other representatives of you and your attorneys.

C.    When a production request calls for an answer which involves more than one (1) part, each part of the answer should be clearly set out so that it is understandable.

D.    "Plaintiff" or "You" means Plaintiff, Michael Mayo.

E.    "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include all written, recorded, or graphic matter however produced or reproduced, electronic or otherwise, and copies thereof. Without limiting the foregoing, "document" includes correspondence, letters, e-mail, summaries, grievances, medical records, journals, diaries, memoranda, reports, notes, agreements, books, records, papers, logs, calendar notes, analysis, audits, inventories, surveys, maps, blueprints, models, passbooks, appointment books, calendars, sworn or unsworn statements, photographs, slides or photographic negatives, moving pictures, films, video recordings, graphic representations, tapes, computer disks, telephone message, or other writings or recordings.

F.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons. Without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

G.    "Person" or "individual" means any natural person, partnership, corporation, unincorporated association or other form of legal entity.

H.    "Identify" or "describe" means:

1.    When referring to a natural person, state his full name and present or last known business or home address.

2.    When referring to a document, state its title, date, the author or person who prepared it and any signatories to it, its addresses and all other persons receiving it or copies of it; and give the type of document (e.g., letter, memorandum, telex), its present location and custodian, a summary of its contents or principal terms or provisions. If the document was but no longer is in your possession, custody or control, state its disposition.

2

3. When referring to an act, event or transaction, occasion or instance, including a communication, statement, recommendation or representation:

    a. State its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it), the identity of each person participating therein, whom each person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said, and

    b. Identify all documents summarizing, recording, reflecting, reporting or containing a reference to it.

I.      Terms in the plural include the singular and terms in the singular include the plural.

J.      "And" includes the word "or" and "or" includes the word "and," and "all" includes the word "any," and "any" includes the word "all".

K.      "Complaint" means the Second Amended Complaint Plaintiff filed on September 1, 2022.

L.      Continuing Obligation: In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these document requests are to be regarded as continuing, and you are to provide, by way of supplementary answers thereto, such additional information as may hereafter be obtained by you, or any person on your behalf, which augment or modify the answers given.

M.      Disposed of Documents: If any document requested to be identified or produced by these document requests is no longer in your possession, custody or control, state: (i) the nature of such document, including but not limited to a description of the document, its author, date and recipient(s); (ii) the location of the document and its present custodian, if any; (iii) the nature of its disposition; and (iv) the reason why the document is no longer in your possession, custody or control.

N.      If any document or information is withheld because such document or information is stored electronically, please identify fully its subject matter and the location where it is stored and provide a suitable program or method of retrieving such document or information.

O.      Each request should be responded to separately. However, a document which is the response to more than one request, if the relevant portion is so marked or indexed, may be produced and referred to in a later response.

P.      Each request shall extend to all documents which are or have been in the possession of or subject to the control of Plaintiff, his assigns, agents, employees, representatives, or any other person(s) authorized by Plaintiff to possess or exercise control over such documents.

Q.      Identify by name and position of each and every person who supplied directly or indirectly Plaintiff with the information requested in this production request.

R.      In answering these document requests, you are required to furnish all information available to you, including but not limited to, information in the possession of your agents, associates, relatives and friends.

S.      Unless otherwise indicated, the relevant time period is 2020-2023

T.      Each document request should be deemed continuing so as to require prompt supplemental responses as well as corrections to any responses, which are later discovered to be incorrect.

U.      An evasive or incomplete answer is deemed a failure to answer.

## DOCUMENTS REQUESTED

1.      Each and every document related to any of the allegations contained in the Complaint or incidences alleged therein, including but not limited to all documents in which you relied on when answering your interrogatories.

4

2. Each and every witness statement related to any of the allegations contained in the Complaint or incidences alleged therein.

3. Any and all photographs, slides, video, or motion pictures related to any of the allegations contained in the Complaint or incidences alleged therein,

4. All diaries, calendars, logs notes or other records related to any of the allegations contained in the Complaint or incidences alleged therein.

5. All photos or other tangible items/materials relating in any way to the subject matter, facts, or opinions expected to be elicited at trial from any lay witness.

6. All documents, photos or other tangible items/materials relating in any way to the subject matter, facts, or opinions expected to be elicited at trial from any independent expert witness.

7. All documents, photos or other tangible items/materials of any kind relating in any way to the subject matter, facts, or opinions expected to be elicited at trial from any retained or controlled expert witness.

8. All documents and exhibits of any kind Plaintiff may use or refer to at any deposition, hearing, or trial.

9. All documents regarding any other lawsuits you have filed or depositions you have given in any case

10. All medical records and bills regarding any prior or current treatment including all records and bills related to any injuries or other damages you're claiming in this case

11. A signed affidavit from Plaintiff or his counsel that production of documents hereunder is complete to the best of his knowledge.

5

The foregoing requests shall be deemed continuing in nature from the time of this cause, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, and if any further documents come to the knowledge of the Plaintiff or his agent or employee in this regard, you are hereby requested, without further notice, to file and serve supplemental answers.

Respectfully Submitted,

By:*/s/ Troy S. Radunsky*
One of the Attorneys for the Defendant

Troy S. Radunsky (ARDC No.: 6269281)
Jason E. DeVore (ARDC No.: 6242782)
DeVore Radunsky LLC
230 W. Monroe Suite 230
Chicago, Illinois 60606
(312) 300-4479
*TRadunsky@devoreradunsky.com*
*JDevore@devoreradunsky.com*

## CERTIFICATE OF SERVICE

The undersigned states that on **March 21, 2023**, **Defendant's Requests to Produce to Plaintiff** were served via United States Postal Service to the stated address below.

*/s/ Troy S. Radunsky*

Michael Mayo
Cook County Jail
20181127027
2700 S California
**Div. 5 | Attn: 1st AED Steven Wilenski**
Chicago, IL 60608

Troy S. Radunsky (ARDC No.: 6269281)
Jason E. DeVore (ARDC No.: 6242782)
DeVore Radunsky
230 W. Monroe Suite 230
Chicago, Illinois 60606
(312) 300-4479
*TRadunsky@devoreradunsky.com*
*JDevore@devoreradunsky.com*

Michael Mayo
20181127027
2700 South California
Chicago, IL 60608

04/11/2023-45



Office Of Clerk Of The U.S.
District Court
United States Courthouse
ATTN: Hon. M. David Weisman
219 South Dearborn Street
Chicago, IL 60604

RECEIVED

APR 11 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

7018 3090 0000 1751 4202

CERTIFIED MAIL

NEOPOST
04/08/2023
US POSTAGE $017.30°
ZIP 60608
041M11297257

PRIORITY MAIL

