IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Michael Mayo (20181127027), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 5014 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| Tom Dart, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Clerk is instructed to terminate the document at docket no. [49] as a pending motion. Plaintiff's amended motion for attorney representation [50] is denied without prejudice.

## STATEMENT

On August 1, 2023, Plaintiff filed a motion for attorney representation (Dkt. 49) as well as an amended motion for attorney representation (Dkt. 50). The Clerk is instructed to terminate the original motion at docket no. 49 as a pending motion.

With respect to the amended motion for attorney representation (Dkt. 50), it is denied without prejudice. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case, but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

Initially, there is some question as to whether Plaintiff is indigent for purposes of his current motion. The docket reflects that Plaintiff is not proceeding *in forma pauperis* in this lawsuit (he paid the filing fee on October 26, 2021, *see* Dkt. 5), and he also paid the fees associated with service (*see* Dkt. 8). Additionally, while he maintains that he is unable to afford counsel (*see* Dkt. 50 at pg. 1), he has not submitted any information concerning his current financial situation.

In any event, the recruitment of counsel is not warranted.

Plaintiff's current motion show that he made some unsuccessful attempts to obtain counsel on his own.[1] But there is nothing currently before this Court -- nor has Plaintiff pointed to anything in his motion -- that suggests that Plaintiff is unable to continue litigating it on a *pro se* basis.

Plaintiff explains in his current motion that his request for counsel "stems from a multitude of obstacles faced by his incarceration at the Cook County Jail." (Dkt. 50 at pg. 3.) Specifically, he points to cell searches (which have resulted in confiscated, lost or misplaced legal materials) and problems with "sending out legal certified mail" (which has resulted in mail delays and "made his ability to meet deadlines difficult"). (*Id.* at pgs. 3-4.) He also explains that the jail has rules concerning the limits on the number of legal materials (in this case, discovery materials) he can have in his possession at one time (which prevents him from having "complete discovery on hand for review and reference"). (*Id.* at pg. 4.) Plaintiff claims that "[his] ability to defend this case has been greatly compromised by his status of incarceration." (*Id.* at pg. 5.)

The Court is mindful of the challenges that Plaintiff faces as an incarcerated *pro se* litigant. However, the particular circumstances he describes are not unique to him as a *pro se* incarcerated litigant, nor are they reasons, on their own, to recruit counsel for him. Plaintiff, who indicates he is a "college graduate" (*see id.* at pg. 2), has successfully litigated this case up to this point. The docket reflects that the parties are currently engaged in the discovery process, and there is nothing that suggests that Plaintiff is or has been unable to meaningfully partake in that process. If, on account of his particular circumstances as an incarcerated individual, Plaintiff encounters specific problems with the discovery process (or requires additional time to comply with Court-imposed deadlines), he should simply alert the Court to these issues by way of motion or orally at routine Court hearings. For now, Plaintiff shall proceed on a *pro se* basis.

Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to later refiling should circumstances warrant.

Date:  9/6/23                                        /s/ John J. Tharp, Jr.
                                                     John J. Tharp, Jr.
                                                     United States District Judge

---

[1] The Court observes that a number of the responses that Plaintiff attaches to his current motion show that the particular legal organizations do not handle individual cases about jail conditions (*see* Dkt. 50 at pg. 7, 9, 11.)