UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Michael Mayo
                Plaintiff,

v.                                                    Case No.: 1:21−cv−05014
                                                    Honorable John J. Tharp Jr.

Tom Dart, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, November 21, 2023:

      MINUTE entry before the Honorable M. David Weisman: Magistrate status hearing held. Court inquired about ongoing disagreement on records. Status report (Dkt. # [58]) references that defendant sent laundry logs to plaintiff by certified mail and documents were received, but plaintiff sent letter to defendant stating documents were not responsive. Court confirmed that defendant produced 284 pages of documents as directed. Plaintiff stated it did not receive March 2020 through June 2020 inmate laundry records (he stated he received some laundry logs but they were not from covid time frame). Plaintiff stated he received October 2019 records, which are not the relevant time period. Plaintiff asserted that defendant cannot produce the laundry logs because defendant did not do the laundry during the relevant time period. Plaintiff gave defendant 2 pages, as an example, of 2023 inmate personal laundry logs and defendant stated they have been unable to find similar documents. Defendant stated it produced plaintiff records to show laundry was done during the relevant time period and all responsive documents were produced. Plaintiff disagrees that he received responsive documents. Plaintiff indicated inmate personal laundry records and uniform and linen exchange records are different; Plaintiff asserted defendant produced the latter and not the former. Plaintiff stated he amended his request to specifically request personal laundry records. Court inquired of relevance of laundry being done to plaintiff's claim of unsanitary conditions. The Court is concerned gathering laundry logs may not be relevant to plaintiff's claims and thus further litigation regarding this issue may not be consistent with Federal Rule of Civil Procedure 26. Plaintiff averred that he was forced to be in a contaminated environment that led to him contracting covid. Court noted that the complaint does not reference laundry as a reason for plaintiff contacting covid, so the laundry logs do not appear to be relevant. Court noted that plaintiff's September 2023 motion for counsel before district court was denied. A more recent motion from plaintiff is not yet reflected on the docket. Court indicated when plaintiff's most recent motion for counsel reaches the docket, the district court will rule on the motion. Court asked plaintiff what else he needs in terms of discovery. Plaintiff stated he is in a residential treatment unit and cannot properly do research and is lethargic due to prescribed medication and reiterated his need for counsel. Plaintiff stated he is at a standstill until he receives a ruling on his most current request for counsel. Court again inquired as to what plaintiff needs in terms of discovery. Plaintiff was notified on 11/9/23 that he would be permitted to review discovery and was allowed

to review discovery for 4 hours on 11/15/23 in a private room, but plaintiff declined to do so. Plaintiff indicated his medical issues prevent him from looking at documents for 4 hours. Court inquired whether plaintiff had other discovery he wants; plaintiff indicated he wants to wait to see if he gets counsel. Court finds that defendant has sufficiently complied with plaintiff's requests regarding laundry logs and plaintiff was provided with an appropriate opportunity to review documents. Court stated that the case will generally be continued pending district court's ruling on plaintiff's request for counsel and Court will then proceed accordingly. Status hearing set for 1/17/24 at 9:15 a.m. Joint status report may be filed 1/12/24 if either party desires. If counsel is appointed for plaintiff, Court stated it will likely move status date so new counsel can familiarize themselves with the case. Defense counsel shall make arrangements for Plaintiff to be available by phone and MUST e−mail the contact information to Chambers at least three days prior to the hearing at Weisman_Chambers@ilnd.uscourts.gov. Parties shall dial in using the Court's conference call−in number. The conference call− in number is 1−877−411−9748 and the passcode is 1814539. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (ao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.