IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Mayo (20181127027), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 5014 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Tom Dart, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff's motions for attorney representation [60] [63] are denied without prejudice to renewal later in this case.

**STATEMENT**

Plaintiff's pending motions for attorney representation (Dkts. 60, 63) are denied without prejudice. As explained in prior orders of this Court, "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court may request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to retain counsel on his own or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does the plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). The analysis does not focus solely on the plaintiff's ability to try the case, but takes into consideration his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's medical and mental health issues, *id.*; (4) whether plaintiff has been transferred to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013); (5) plaintiff's intelligence, literacy, education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (6) the complexity of the case, *id.* at 655-56.

As noted in the Court's September 6, 2023, order denying Plaintiff's prior request for attorney representation (*see* Dkt. 53), there is and remains some question as to whether Plaintiff is indigent for purposes of his current request. Plaintiff is not proceeding *in forma pauperis* in this lawsuit, he paid the fees associated with service (*see* Dkts. 5, 8), and he has not submitted any financial information with his current request.

Putting that issue aside though, the recruitment of counsel is still not warranted. The current request indicates that Plaintiff made some attempt to retain counsel on his own (and had no success), but, regardless, he appears capable of litigating this case on his own.

In his current request, Plaintiff indicates that he is housed in a residential treatment unit at the jail (which does not have a law library) and is "unable to do procedural civil research." (Dkt. 60 at pg. 2; Dkt. 63 at pg. 2.) He indicates further that he does not have access to "legal books to do adequate research" and that the residential treatment unit has a paralegal who "comes once a week and gives only three (3) requested items a week." (*Id.*) He also indicates that he "is in the discovery process . . . and does not completely understand the process and what to request to adequately represent himself." (*Id.*) Additionally, he points out that he is housed in the residential treatment unit because he suffers from a number of "chronic" medical conditions (for which he takes "vital medication" that makes him drowsy/lethargic).[1] (*Id.*)

The Court reiterates that it is mindful of the particular challenges Plaintiff faces as an incarcerated *pro se* litigant. That said, Plaintiff has competently litigated this case up to the discovery phase. Any general lack of knowledge about the law -- or the discovery process, in particular, for that matter -- is not a circumstance that is unique to Plaintiff as an incarcerated *pro se* litigant, nor is it a reason, on its own, to recruit counsel for Plaintiff. Similarly, Plaintiff's medical issues have not impeded his ability to litigate this case thus far. Notably, the case was referred to Magistrate Judge Weisman for discovery supervision (*see* Dkt. 34), and the docket reflects that the Magistrate Judge has conducted a number of status hearings in connection therewith. During these status hearings, the Magistrate Judge has specifically addressed issues concerning: Plaintiff's ability to access the law library (*see* Dkt. 39); Plaintiff's ability to conduct depositions (*see* Dkt. 48); and, Plaintiff's ability to access/review discovery materials (*see* Dkts. 55, 57). Further, the detailed minute entry from November 21, 2023, indicates that the "Court inquired about ongoing disagreement on records" and specifically "asked plaintiff what else he needs in terms of discovery." (*See* Dkt. 59.) It is clear from Plaintiff's various requests for counsel -- as well as the information contained in the Court's November 21, 2023, minute entry (*see* Dkt. 59) -- that Plaintiff would prefer to litigate this case through counsel. But Plaintiff has not established that the recruitment of counsel is warranted at this time.

There is nothing in the record before this Court that suggests that Plaintiff is unable to meaningfully partake in the discovery process, and he is encouraged to do his best moving forward. Plaintiff's filings in this case, including his current request for counsel, demonstrate that he is capable of expressing himself and communicating his litigation needs to the Court. If particular issues/problems arise during the discovery phase (as they have thus far), Plaintiff should raise those issues with the Court (as he has done). The Court emphasizes that it grants *pro se* litigants wide latitude in the handling of their lawsuits, and it will continue to do so here.

For the reasons stated above, Plaintiff's pending motions for attorney representation (Dkts. 60, 63) are denied without prejudice. If the case proceeds to a point **where the need for counsel**

---

[1] Plaintiff also seems to be saying that when he is responding to certain legal matters, he skips his medication so that he may remain alert. (*See* Dkt. 60 at pg. 3; Dkt. 63 at pg. 3.)

*is more pressing*, Plaintiff may renew his request for attorney representation and the Court will consider the request at that time.  For now, Plaintiff shall continue to proceed on a *pro se* basis.

Date: 12/7/23                                         /s/ John J. Tharp, Jr.
                                                           John J. Tharp, Jr.
                                                           United States District Judge